IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Ms. Yolanda West<br>          Plaintiff,<br><br>     v.<br><br><br>AGY Holding Corp.<br>               Defendant | Case No.: 1:24-cv-3839-SAL<br><br>**COMPLAINT**<br>Jury Trial Requested |

INTRODUCTION

Ms. Yolanda West, by and through her undersigned counsel, brings the following Causes of

Action against Defendants in violation of 42 U.S.C. § 1981 Retaliation. Plaintiff asserts claims of

Breach of Contract, and Breach of Contract Accompanied with Fraudulent Intent against

Defendant, AGY Holding Corp. based on the following allegations.

ADMINISTRATIVE CHARGE

Plaintiff has exhausted all administrative remedies and prerequisites prior to filing this

lawsuit, including timeliness, deferral, and all other jurisdictional requirements

necessary for the maintenance of this Action, as described below:

JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 and

   42 U.S.C. § 2000e (5), this being a proceeding to enforce rights and remedies secured

   under 42 U.S.C. § 1981 and other Federal statutes. This Court also has pendant,

   ancillary, and supplementary jurisdiction over so much of this action as it is based on

   State law.

2. Venue is proper in the Aiken Division because the Causes of Action arose therein, the acts and practices complained of occurred there, and it is where Defendant does business and may be found.

## PARTIES

3. Plaintiff Yolanda West is a citizen of the State of South Carolina and resides in Aiken County.

4. Defendant, AGY Holding Corp., is a business that is formed and administered under the laws of South Carolina and headquartered in Aiken, County, South Carolina.

## FACTS

5. Plaintiff is a 44-year-old African American female who tirelessly worked for Defendant for approximately five and half years beginning June 11, 2018, as a former M Shift EndFinding/Roving Supervisor.

6. Plaintiff had held supervisor positions in two prosperous plants before obtaining employment with AGY Holding Corp. Plaintiff will have obtained a Bachelor's Degree in Business Management and a Minor in Human Resource Management at the end of this year making Plaintiff's knowledge and contribution to AGY Holding Corp. invaluable to the company.

7. Through hard work and diligence Plaintiff worked her way from EFO(Q), FEH(Q), and RWI(Q) to company Supervisor. The Plaintiff thoroughly loved her job as a supervisor and continuously showed her fellow co-workers compassion and empathy on a daily basis.

8. Plaintiff prided herself on being an exemplary employee and had never received disciplinary action regarding her performance or interactions with her co-workers, supervisor(s), or previous department heads until her retaliatory Department Leader, Vinny De Remigio, questioned Plaintiff's performance after Plaintiff refused to make unethical decisions concerning other employees.

9. On May 10, 2023, Vinny De Remigio began to show signs of animosity towards Plaintiff when she refused to make fraudulent statements regarding a fellow Caucasian employee, who was also a salaried Supervisor, during a Step 1 Grievance meeting regarding a union matter with one of her employees.

10. In addition to De Remigio's request for Plaintiff to make fraudulent statements, De Remigio advised Plaintiff on November 28, 2023, to make unethical decisions towards hourly employees by targeting them to lead to their termination without cause or justification.

11. Vinny De Remigio continuously asked Plaintiff to terminate certain employees because he felt "they were a problem" or "needed to go" because of excusable absences.

12. Plaintiff adamantly declined to take such action against such employees, therefore, becoming her Department Leader's new target for retaliation and ultimately termination.

13. As a pretextual form of retaliation against Plaintiff for not adhering to Defendant's demands, Plaintiff was wrongfully placed on a Performance Improvement Plan (PIP) on December 1, 2023, after she did not wrongfully discharge one of her employees as Vinny De Remigio had instructed her to do in November of 2023.

14. This Performance Improvement Plan was a façade that Vinny De Remigio used to ultimately discharge Plaintiff from her position as M Shift EndFinding/Roving Supervisor.

15. In fact, Plaintiff was forced to attend unnecessary follow-up meetings every two weeks from December 1, 2023, to January 31, 2024, during her Performance Improvement Plan. Furthermore, Plaintiff was faced with an abundance of criticism, lack of communication, disrespect, and micromanagement during every encounter Plaintiff had with Vinny De Remigio.

16. Through De Remigio's tone and actions during Plaintiff's PIP meetings, Plaintiff inferred that her Department Leader already had an ulterior motive to terminate her job.

17. During Plaintiff's time on a Performance Improvement Plan, De Remigio continuously changed Plaintiff's improvement goals during every follow-up meeting as Plaintiff was excelling in all areas that needed improvement. In addition, De Remigio never asked to see a physical copy of the Plaintiff's Action Plan, per the protocol and procedures in the Employee Handbook, until their last meeting which was a complete modification of the outlined procedures in the Employee Handbook.

18. Plaintiff in an effort to receive feedback on her Performance Improvement Plan and her Action Plan, Plaintiff emailed a copy of each to Vinny De Remigio and copied his Supervisor Justin Munn in the email on January 16, 2024.

19. To Plaintiff's dismay, she never received a response from either De Remigio or Munn concerning her PIP, clearly demonstrating the besiegement and hostility Plaintiff had to endure.

20. Management, including Vinny De Remigio and Justin Munn, was aware that several supervisors were having the same performance issues with shift reports and other issues, and failed to offer more training or re-training of employees but instead found unethical avenues to terminate said employees.

21. To Plaintiff's shock and dismay, Justin Munn never spoke to Plaintiff directly about her Performance Improvement Plan or her employees under her supervision and took the word of Vinny De Remigio that Plaintiff's job performance was not improving. Through De Remigio's close connection with Justin Munn, Plaintiff felt she could not report De Remigio's actions because Plaintiff firmly believed Munn would have supported De Remigio over her to expedite her termination.

22. The Plaintiff also felt she could not report her Department Leader or Justin Munn's actions to anyone higher up in the chain of command due to corruption permeating AGY's executive leadership and supervisory board.

23. On January 24, 2024, Vinny De Remigio went on vacation till January 30, 2024. During this time De Remigio was aware that he was scheduled to have Plaintiff's last follow-up meeting concerning Plaintiff's PIP on January 26, 2024. However, due to his absence, Plaintiff was unable to have this meeting. This was a direct and blatant breach of Plaintiff's PIP and employment contract by De Remigio, therefore, making Plaintiff's last official follow-up meeting on January 11, 2024.

24. On January 31, 2024, De Remigio returned to work with the sole purpose and determination of terminating Plaintiff from her job through a falsified Performance Improvement Plan that did not reflect Plaintiff's true job performance. Plaintiff ultimately was terminated later that day leaving Plaintiff appalled and heartbroken.

25.  De Remigio in no way tried to communicate with Plaintiff like other fellow
employees or get to know Plaintiff as a Department Leader. In fact, De Remigio
deliberately dismissed Plaintiff's concerns about her performance and leadership style
numerous times while scrupulously micromanaging Plaintiff's every move until her
untimely termination.

26. The Plaintiff wholeheartedly is disappointed she will not be eligible for rehire with
AGY Holding Corp. as she has dedicated so much of her time and energy to her
position which she loved.

27. Ultimately, due to Plaintiff's wrongful termination, Plaintiff has suffered lost wages,
back pay, severance, and loss of livelihood while experiencing severe hostility,
humiliation, disrespect, and embarrassment at the hands of Defendant and its agents.

<u>FIRST CAUSE OF ACTION</u>

*Retaliation in Violation of 42 U.S.C § 1981 as to Defendant AGY Holding Corp.*

28. Plaintiff asserts each and every allegation in the previous paragraphs as if set forth
verbatim herein.

29. Plaintiff has a good faith belief that Plaintiff's participation in a grievance proceeding
that did result in the termination of a fellow employee was protected activity due to
Plaintiff challenging her Department Leader's unethical policies and procedures.

30. On information and belief, Plaintiff contends that Vinny De Remigio retaliated
against Plaintiff after she refused to make unethical decisions involving fellow co-
workers and her employees. Plaintiff further contends that once Plaintiff refused to
perform such unethical decisions regarding employees' terminations, Vinny De

Remigio retaliated against Plaintiff by placing her on an unnecessary Performance Improvement Plan (PIP) as a pretext for her termination.

31. Vinny De Remigio continued to retaliate against Plaintiff and created a hostile work environment based on Plaintiff's defiance to not adhere to Defendant's unethical demands.

32. Plaintiff contends Defendant corporation condoned the actions of De Remigio to force Plaintiff's termination.

33. The conduct of Defendant's agents was pretextual and designed for the express purpose of retaliating against Plaintiff by placing Plaintiff on an unneeded PIP and fraudulently documenting Plaintiff's "failed improvement" to force Plaintiff's termination.

34. There is a clear and obvious causal connection between Plaintiff's refusal to meet her Department Leader's demands, and the adverse action taken by Vinny De Remigio (Department Leader) and Justin Munn (Supervisor), acting in their official capacities, to terminate Plaintiff without cause or justification on January 31, 2024.

35. Defendant's actions were a coordinated effort, designed for the sole purpose of retaliation for Plaintiff's refusal to fulfill her Department Leader's unethical demands.

36. Plaintiff asserts that the demands placed upon her to wrongfully discharge employees were a pretext designed to put Plaintiff on a PIP so that her untimely termination would follow.

37. Vinny De Remigio actively worked to undermine Plaintiff's supervisory position by placing her on a PIP and his conduct was pervasive, hostile, and retaliatory towards Plaintiff.

38. As a direct and proximate result of Defendant's allowance of retaliation, it has caused, continues to cause, and will cause Plaintiff to suffer physical and mental anguish, pain and suffering, loss of enjoyment of life, pecuniary losses, loss of wages, loss of benefits, and back pay and other non-pecuniary losses.

SECOND CAUSE OF ACTION

*Breach of Contract as to Defendants AGY Holding Corp.*

39. Plaintiff asserts each and every allegation in the previous paragraphs as if set forth verbatim herein.

40. Plaintiff and Defendant entered into a binding and legal contract for employment with AGY Holding Corp. as an M Shift EndFinding/Roving Supervisor beginning on June 11, 2018. Plaintiff accepted the offer of employment and agreed to fulfill the duties of her position in exchange for valuable consideration, her salary, severance, and Defendant's guarantee that she would be protected from retaliation and wrongful termination. Defendant maintained an employment handbook and its mandatory policies and procedures to include Plaintiff's job description and lawful reasons for an employee's termination.

41. Plaintiff continuously and diligently worked for Defendant for approximately five and half years before the unlawful acts of the Defendants began.

42. At all times during her employment, Plaintiff relied on the promises contained in Defendant's handbook, policies and procedures, and governing documents.

43. Plaintiff maintained a stellar work record for her entire employment with AGY Holding Corp. until December 1, 2023, when Plaintiff was wrongfully placed on a PIP.

44. Defendant breached its employment contract with Plaintiff between May 10, 2023, through January 31, 2024, and its policies and procedures by failing to protect Plaintiff from Retaliation and wrongful termination of her job.

45. Defendant, by and through its agents, strived to force Plaintiff to make unethical decisions concerning some employees while demanding that Plaintiff wrongfully terminate other employees who were not preferred by the Defendant's agents Vinny De Remigio and Justin Munn. Plaintiff unwaveringly declined to do so, beginning the long retaliation against Plaintiff by placing her on a PIP and ultimately terminating her job.

46. Defendant's adverse actions created undue stress and a hostile work environment based upon Plaintiff's unwavering commitment and motivation to perform her job ethically and fairly.

47. Defendant has unjustifiably failed to perform the employment contract with Plaintiff by not allowing Plaintiff to fulfill her PIP on January 26, 2024, and terminating her job without cause or reasoning after Plaintiff had successfully completed each task on her PIP.

48. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered loss of livelihood, loss of wages, loss of severance and back pay, embarrassment, humiliation, stress, and low self-esteem.

49. Therefore, Plaintiff is entitled to injunctive relief/civil damages.

THIRD CAUSE OF ACTION

*Breach of Contract Accompanied with Fraudulent Intent as to Defendant AGY Holding Corp.*

50. Plaintiff asserts each and every allegation in the previous paragraphs as if set forth verbatim herein.

51. Defendant, by and through their agents, have failed to fulfill their obligation under their own written policies, including the above-referenced retaliation and wrongful termination policies, which together with their promissory and mandatory terms, form a contract with Plaintiff beyond at-will employment.

52. Defendant, by and through their agents, has breached the terms thereof by an express intentional design on its part to defraud Plaintiff.

53. In furtherance of such express design, Defendant, through their agents, intentionally and maliciously placed Plaintiff on a Performance Improvement Plan (PIP) to undermine Plaintiff's authority and subject her to severe scrutiny and a hostile work environment under the guise of improving Plaintiff's supervisory skills. It became readily apparent to Plaintiff that Defendant's placement of her on a PIP was a pretense for Plaintiff's untimely termination by fraudulently claiming Plaintiff was not meeting her improvement goals for her Active Plan.

54. Defendant's conduct, by and through their agents, was done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract.

55. As a result of Defendant's fraudulent breaches of contract, Plaintiff has suffered damages in the form of actual, compensatory, consequential, physical, mental, emotional, and other damages. Plaintiff also believes that a reasonable amount of punitive damages should be levied against Defendant on account of their unlawful treatment of Plaintiff and fraudulent contractual breaches.

PRAYER FOR RELIEF

**Wherefore**, the Plaintiffs pray for the following:

1. That Plaintiffs are granted all their claims.

2. That Plaintiff is granted severance, lost wages, and back pay.

3. That Defendants are denied all counterclaims and defenses.

4. For Attorney's fees and cost to prosecute this action

5. For a Jury Trial.

6. For actual, special, consequential, and punitive damages.

7. For such and other awards as this Honorable Court deems just and proper.

Respectfully Submitted,

s/Donald Gist_____

Donald Gist (13098)
GIST LAW FIRM, P.A. 4400 North Main Street
Columbia, South Carolina 29203
Tel. (803) 771-8007
Fax (803) 771-0063
Email: dtommygist@yahoo.com

Attorney for Plaintiff

July 2, 2024