IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Ms. Yolanda West, | ) | Case No. 1:24-cv-03839-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| AGY Holding Corp., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on a motion to dismiss filed by Defendant. [Doc. 14.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On April 24, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendant's motion be granted. [Doc. 18.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 11.] Plaintiff filed objections on May 4, 2025 [Doc. 19], and Defendant filed a reply on May 9, 2025 [Doc. 21].

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject,

or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND[*]

This action arises out of Plaintiff's employment with Defendant as an M Shift EndFinding/Roving Supervisor. [Doc. 1 ¶ 5.] Plaintiff, a black female, worked her way up to a company supervisor position over her five and a half years with Defendant. [*Id*. ¶¶ 5, 7.] On May 10, 2023, Plaintiff's Department Leader, Vinny De Remigio, asked Plaintiff to make fraudulent statements regarding a white employee during a Step 1 Grievance meeting regarding a union matter. [*Id*. ¶¶ 8–9.] De Remigio also asked Plaintiff to make unethical decisions towards hourly employees that would result in their termination. [*Id*. ¶¶ 10–11.] When Plaintiff refused to take such actions, De Remigio began to show signs of animosity toward Plaintiff, including placing her on a Performance Improvement Plan ("PIP") on December 1, 2023. [*Id*. ¶¶ 9, 12–13.] During Plaintiff's time on the PIP, De Remigio regularly changed Plaintiff's improvement goals and subjected Plaintiff to frequent follow-up meetings, but did not attend Plaintiff's last follow-up meeting due a vacation. [*Id*. ¶¶ 15, 17, 23.] Plaintiff was terminated on January 31, 2024. [*Id*. ¶ 24.]

---

[*] The facts in this Background section are taken directly from the Complaint.

In her Complaint, Plaintiff asserts claims for retaliation in violation of 42 U.S.C. § 1981, breach of contract, and breach of contract accompanied with fraudulent intent. [Doc. 1 ¶¶ 28–55.] On November 12, 2024, Defendant filed a motion to dismiss for failure to state a claim, arguing that Plaintiff has not sufficiently pled that she engaged in protected activity and has failed to plausibly allege any specific policy language sufficient to create a contract between the parties that modifies her at-will employment. [Doc. 14.]

## DISCUSSION

The Magistrate Judge recommends that Defendant's motion to dismiss be granted because Plaintiff has not pled sufficient facts to support her claims. [Doc. 18.] Specifically, the Magistrate Judge concluded that the Complaint contains no allegations that De Remigio's requests were based on race such that Plaintiff's refusal to adhere to his requests amounts to protected activity under § 1981. [*Id*. at 3–6.] The Magistrate Judge further concluded that Plaintiff does set forth any facts that the employment documents referenced in the Complaint created a contract that altered her at-will employment. [*Id*. at 6–9.] And, because Plaintiff has not alleged the existence of an employment contract, Plaintiff's claim for breach of contract with fraudulent intent also fails. [*Id*. at 10.]

In her objections, Plaintiff argues that the Magistrate Judge erred in concluding that Plaintiff has not alleged facts supporting an inference that De Remigio's requests were based on race and that Plaintiff has not set forth any facts that the documents at issue created a contract between her and Defendant that altered at-will employment. [Doc. 19.] The Court addresses each claim below.

3

**Plaintiff's Claim for Retaliation Under § 1981**

Section 1981 provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."  42 U.S.C. § 1981(a).  The Supreme Court of the United States has interpreted this statute "to forbid all racial discrimination in the making of private as well as public contracts."  *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987) (internal quotation marks omitted).  To establish a prima facie case of retaliation under § 1981, a plaintiff must show "(i) that she engaged in protected activity, (ii) that her employer took adverse action against her, and (iii) that a causal relationship existed between the protected activity and the adverse employment activity."  *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 217 (4th Cir. 2016) (cleaned up).  Section 1981 encompasses retaliation claims for opposing race discrimination in employment.  *See CBOCS W., Inc., v. Humphries*, 553 U.S. 442, 446 (2008); *Ali v. BC Architects Eng'rs, PLC*, 832 F. App'x 167, 172 (4th Cir. 2020).  "An employee opposes race discrimination when she communicates to her employer a belief that the employer has engaged in such discrimination."  *Ali*, 832 F. App'x at 172 (internal quotation marks omitted).

Plaintiff alleges that she engaged in protected activity by refusing to make "unethical" decisions at the request of De Remigio.  [Doc. 1 ¶¶ 30–31.]  But, as the Magistrate Judge found, there are no allegations that De Remigio's requests were based on race beyond that one of the target employees was Caucasian.  [Doc. 18 at 5; *see* Doc. 1 ¶ 9.]  Moreover, Plaintiff does not allege that she opposed any race discrimination.  [Doc. 18 at 5.]  In her objections, Plaintiff argues that her "clear refusal to make unethical statements on behalf of a Caucasian employee over other employees Plaintiff knew were

4

of another race demonstrates that [] De Remigio's request was solely based on race." [Doc. 19 at 6.]  However, Plaintiff still cannot point to any allegations that she complained of race discrimination to De Remigio, and a passing reference to race absent any other allegations of discrimination is insufficient state a claim that Plaintiff engaged in protected activity under § 1981.  See *Parker v. Ciena Corp.*, 787 F. App'x 817, 820 (4th Cir. 2019) (holding that the plaintiff did not sufficiently plead that he engaged in protected activity under his § 1981 retaliation claim when he alleged that he "complained about general workplace grievances" and "rude treatment" but "did not allege that he made a complaint of discrimination . . . [or that the defendant] would have understood his complaint to be about unlawful employment practices").  The Court accordingly overrules Plaintiff's objections.

**Plaintiff's Claims for Breach of Contract and Breach of Contract with Fraudulent Intent**

To state a claim for breach of contract in an employment action, a plaintiff must overcome the presumption of at-will employment.  "South Carolina has long recognized the doctrine employment at-will." *Prescott v. Farmers Telephone Co-op., Inc.*, 516 S.E.2d 923, 925 (S.C. 1999).  At-will employment may be terminated "by either party at any time, for any reason or for no reason at all." *Id*.  "Because employment is presumed to be at-will, in order to survive a motion to dismiss on a claim for breach of contract of employment, a plaintiff must plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship." *Brailsford v. Fresenius Med. Ctr. CNA Kidney Ctrs. LLC,* No. 2:15-cv-00239-DCN, 2015 WL 4459032, at *3 (D.S.C. July 21, 2015).

The Magistrate Judge concluded that Plaintiff's allegations use only general and conclusory terms and do not plausibly allege that Defendant's employment handbook, policies and procedures, and governing documents created a contract that altered her at-will employment status.  [Doc. 18 at 7–9 (citing Doc. 1 ¶¶ 40–41, 51).]  To the extent Plaintiff relies on anti-retaliation provisions to show the existence of a contract, the Magistrate Judge concluded that courts in this District "routinely find that such provisions are insufficient to form an employment contract."  [*Id*. at 9 (citing cases).]  In her objections, Plaintiff argues that she is not required to plead specific language from Defendant's policies but needs only to articulate facts that, when accepted as true, demonstrate she is entitled to relief.  [Doc. 19 at 7.]  Plaintiff also cites to several cases for the proposition that allegations of the existence of a handbook and its provisions are sufficient to state a claim for breach of contract in an employment case.  [*Id*. at 7–9 (citing *Hall v. Family YMCA of Greater August*, No. 1:17-cv-00337-JMC, 2017 WL 3158776, at *5 n.4 (D.S.C. July 25, 2017), *Hayes v. Clarios LLC*, No. 4:22-cv-2252-RBH-KDW, 2022 WL 14763217, at *2–3 (D.S.C. Oct. 5, 2022), *Report and Recommendation adopted by* 2022 WL 14763204 (D.S.C. Oct. 25, 2022).]

The Court overrules Plaintiff's objections.  Not only does the Complaint contain only general allegations regarding the existence of an any type of contract between the parties, but Plaintiff also cannot point to allegations that the documents mentioned in the Complaint created a contract with mandatory terms that modified the at-will nature of her employment.  *See Weaver v. John Lucas Tree Expert Co.,* No. 2:13-CV-01698-PMD, 2013 WL 5587854, at *6 (D.S.C. Oct. 10, 2013) ("To alter an employee's at-will status under South Carolina law, a contract, policy, procedure, or representation must limit either

6

the duration of the employment or the employer's right to terminate the employee."). Moreover, the Court is not persuaded by the cases Plaintiff relies on to support her position that merely alleging the existence of a handbook or policies is sufficient to plausibly allege an employment contract altering Plaintiff's at-will status. First, *Hall* is distinguishable because in *Hall*, the plaintiff provided detailed factual allegations in her complaint describing policies that created an employment contract that altered her at-will employment, such as allegations of policies that prohibited termination of any employee who made a report to a supervisor regarding non-compliance with federal and state regulations. *See* 2017 WL 3158776, at *5–6. Second, the Court is not persuaded by *Hayes* because the Magistrate Judge noted that it was a "close call" and ultimately appeared to rely on the fact that the defendant did not provide copies of the policies. *See* 2022 WL 14763217, at *5; *but see Robinson v. Am. Honda Motor Co.,* 551 F.3d 218, 222 (4th Cir. 2009) (holding that a complaint must provide "enough facts to state a claim for relief that is plausible on its face" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)); *Smith v. Palmetto Denture Care*, P.A., No. 7:17-cv-1043-AMG-KFM, 2018 WL 3611368, at *4–5 (D.S.C. July 27, 2018) (concluding that "*Iqbal* and *Twombly* require more" than allegations that "fail to specify the actual provisions of the [e]mployee [h]andbook at issue and fail to specify how such provisions create mandatory obligations").

Here, Plaintiff has not pled with particularity any employment policies, handbooks, or other documents that create an employment contract and alter her at-will employment, and instead only generally alleges that "Defendant maintained an employment handbook and its mandatory policies and procedures to include Plaintiff's job description and lawful

7

reasons for an employee's termination." [*See* Doc. 1 ¶ 40.] The Court accordingly overrules Plaintiff's objections. Additionally, because Plaintiff has failed to plausibly allege the existence of a contract, the Court agrees with the Magistrate Judge that her claim for breach of contract with fraudulent intent should also be dismissed. *See Smith,* 2018 WL 3611368, at *5 (holding that a defect in the plaintiff's breach of contract claim was "fatal to [her] breach of contract with fraudulent intent claim").

## **CONCLUSION**

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge [Doc. 18] and incorporates it by reference. Defendant's motion to dismiss [Doc. 14] is GRANTED and this action is dismissed without prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

September 10, 2025
Columbia, South Carolina