IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Yolanda West, | ) | No. 1:24-cv-03839-JDA |
| Plaintiff, | ) | |
| v. | ) | **OPINION AND ORDER** |
| AGY Holding Corp., | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's motion to alter or amend the Court's judgment. [Doc. 29.] For the reasons stated herein, the Court denies the motion.

## BACKGROUND

This action arises out of Plaintiff's employment with Defendant as an M Shift EndFinding/Roving Supervisor. [Doc. 1 ¶ 5.] On May 10, 2023, Plaintiff's Department Leader, Vinny De Remigio, allegedly asked Plaintiff to make fraudulent statements regarding a white employee during a Step 1 Grievance meeting regarding a union matter. [*Id*. ¶¶ 8–9.] De Remigio also allegedly asked Plaintiff to make unethical decisions towards hourly employees that would result in their termination. [*Id*. ¶¶ 10–11.] When Plaintiff refused to take such actions, De Remigio began to show signs of animosity toward Plaintiff, including placing her on a Performance Improvement Plan ("PIP") on December 1, 2023. [*Id*. ¶¶ 9, 12–13.] During Plaintiff's time on the PIP, De Remigio regularly changed Plaintiff's improvement goals and subjected Plaintiff to frequent follow-up meetings, but did not attend Plaintiff's last follow-up meeting due a vacation. [*Id*. ¶¶ 15, 17, 23.] Plaintiff was terminated on January 31, 2024. [*Id*. ¶ 24.]

Plaintiff's Complaint asserted claims against Defendant for retaliation in violation of 42 U.S.C. § 1981, breach of contract, and breach of contract accompanied by fraudulent intent. [Doc. 1 ¶¶ 28–55.]

On November 12, 2024, Defendant filed a motion to dismiss the Complaint with prejudice for failure to state a claim. [Doc. 14.] In particular, Defendant argued that Plaintiff failed to sufficiently plead engagement in a protected activity or refer to specific policy language sufficient to create a contract between the parties to modify her at-will employment. [Doc. 14.]

On April 24, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Defendant's motion to dismiss be granted. [Doc. 18.] The Magistrate Judge did not specify whether it recommended dismissal with or without prejudice. [*See generally id.*]

On September 10, 2025, the Court accepted the Report of the Magistrate Judge and incorporated it by reference. [Doc. 27 at 8.] Accordingly, the Court granted Defendant's motion to dismiss, and it dismissed the action without prejudice. [*Id.*]

On October 8, 2025, Defendant filed a motion to alter the Court's judgment. [Doc. 29.] Specifically, Defendant asks the Court to dismiss the action *with* prejudice, not *without* prejudice. [*Id.*] To this end, Defendant argues that "dismissal without prejudice may have been inadvertent," as "[n]either AGY's Motion to Dismiss [n]or the Report and Recommendation contemplate a dismissal without prejudice." [*Id.* at 2.] Moreover, Defendant argues that the Court's dismissal of the Complaint without prejudice is manifestly unjust: Plaintiff filed a "substantially similar" complaint against AGY and another defendant shortly after Defendant filed its motion for reconsideration, forcing

2

Defendant "AGY to defend itself and incur the resultant cost and burden." [Doc. 32 at 2; *see also* Doc. 32-1.]

Plaintiff has filed a response opposing Defendant's motion, and Defendant has filed a reply. [Docs. 30; 32.] Accordingly, the motion is now ripe for review.

## APPLICABLE LAW

"A motion for reconsideration is generally raised via Rules 59 and 60 of the Federal Rules of Civil Procedure." *Brooks v. Zorn*, No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *3 (D.S.C. Apr. 11, 2024). The Fourth Circuit has recognized only three grounds for granting a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. v. Am. Nat'l Fire Ins.*, 148 F.3d 396, 403 (4th Cir. 1998). "[T]he rule permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Id.* (internal quotation marks omitted). However, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*

## DISCUSSION

Defendant's cited justifications are insufficient to warrant reconsideration under Federal Rule of Civil Procedure 59(e). As an initial matter, Defendant does not point to

3

any intervening change in controlling law or new factual evidence.  [*See generally* Doc. 29].  As such, the Court declines to address these grounds.

The Court did not commit a clear error of law by dismissing the case without prejudice.  Even if the Magistrate Judge explicitly recommended dismissal *with* prejudice (it did not), such a recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  Moreover, dismissal without prejudice is an appropriate sanction where a complaint "might conceivably be repleaded with success."  *Washington v. Craane*, No. 18-CV-1464 (DWF/TNL), 2019 WL 2147062, at *5 (D. Minn. Apr. 18, 2019), *Report and Recommendation adopted by* 2019 WL 2142499 (D. Minn. May 16, 2019); *see also Abdul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (explaining that whether a 12(b)(6) dismissal is with or without prejudice is committed to the district court's discretion); *Harvey v. CNN,* 48 F.4th 257, 269 (4th Cir. 2022) ("Where a plaintiff fails to state a claim in his amended complaint after having been advised with specificity of the legal deficiencies in the initial complaint, dismissal with prejudice is appropriate.") (internal quotation marks omitted); 35B C.J.S. Federal Civil Procedure § 847 (2025) ("When dismissing case for failure to state claim, the district court should not dismiss with prejudice unless it has determined that amendment would be futile, as when it appears that the complaint cannot be amended to cure the deficiency.") (footnote omitted).  In the present action, the Court insinuated that Plaintiff could cure the deficiencies in her initial Complaint by including more detailed factual allegations establishing that (1) Plaintiff opposed race discrimination and/or (2) Defendant's employment handbook, policies and procedures, and governing documents created a contract with mandatory terms altering

4

Plaintiff's at-will employment status.  [Doc. 27 at 4–8.]  As such, dismissal without prejudice is appropriate.

Finally, that Plaintiff filed a "substantially similar" complaint in a separate action does not affect a manifest injustice upon Defendant.  [Doc. 32 at 2.]  The Court declines to review the allegations in Plaintiff's related action at this time.  [Doc. 32-1]; *see also West v. AGY Holding Corp.*, No. 1:25-cv-12904-JDA-WSB, Doc. 1.  However, should Plaintiff's second complaint fail to state a claim for relief, the Court has discretion to dismiss the action with prejudice.  S*ee Harvey,* 48 F.4th at 269.

## **CONCLUSION**

For the foregoing reasons, AGY's motion to alter judgment [Doc. 29] is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

December 2, 2025
Columbia, South Carolina